**SAI FENG LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–0407–AG.**

United States Court of Appeals, Second Circuit.

May 9, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Frank R. Liu, New York, New York, for Petitioner.

Michael G. Heavican, United States Attorney for the District of Nebraska, Christian A. Martinez, Assistant United States Attorney, Omaha, Nebraska, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Sai Feng Lin petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Elizabeth A. Lamb's denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and the BIA's denial of her motion to reopen her removal proceedings and to reconsider its affirmance of the IJ's decision. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ We note initially that Lin did not file a separate petition for review of the BIA's October 18, 2004, decision affirming the IJ's order of removal. In her petition for review of the BIA's order denying her motion to reopen, Lin attempts to chal-

lenge the BIA's original determination affirming the IJ's order of removal. However, this Court is without jurisdiction to review the merits of the underlying exclusion proceeding as there has been no timely filed petition for review of that decision. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam) ("It is ... well established that the filing of a motion to reopen does not toll the time for filing a petition for review of the BIA's final exclusion or deportation orders.").

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

█ Because Lin's motion raised no errors of fact or law other than by offering additional evidence it was not an abuse of discretion for the BIA to deny her motion to reconsider on this basis. *See* 8 C.F.R. § 1003.2(b)(1). A motion to reopen must offer new, material evidence that was neither available nor discoverable at the previous hearing. 8 C.F.R. § 1003.2(c)(1). Lin offered three pieces of evidence in her motion. First, Lin offered a record from the hospital in China where she allegedly underwent an abortion, the previous absence of which the IJ had found to undermine Lin's credibility. Because Lin offered no explanation for how this document was previously unavailable or undiscoverable, the BIA did not abuse its discretion in declining to consider this evidence for its failure to meet the regulatory requirements for motions to reopen. *See id.*

█ Lin also offered an affidavit by a health worker who prepared a medical document that the IJ found to be unreliable and that the IJ used to support her adverse credibility determination. The BIA does not abuse its discretion when it denies a motion to reopen where the petitioner has failed to establish *prima facie*

eligibility for relief. *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005); *see also INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The BIA indicated that, even if the affidavit undermined the IJ's doubt about the validity of the medical document, there remained a number of other, unrebutted bases for the IJ's adverse credibility determination, precluding Lin from meeting her burden to set forth a credible claim for asylum. Therefore, it was not an abuse of discretion for the BIA to deny Lin's motion to reopen for failing to establish her *prima facie* eligibility for asylum on the basis of her alleged past persecution. *Cf. Poradisova*, 420 F.3d at 78.

█ Finally, Lin submitted new and previously unavailable evidence in the form of a birth certificate for her son, who was still in the womb at the time of Lin's hearing and appeal to the BIA. Lin claimed that this evidence supported her fear of sterilization in China due to the fact that she had two children in violation China's one-child policy. Because Lin's claim of past persecution was found to be not credible, Lin had to offer evidence of a well-founded fear of future persecution in order to demonstrate *prima facie* eligibility for asylum to warrant reopening of her case. 8 C.F.R. § 1208.13(b); *Poradisova*, 420 F.3d at 78. Lin offered neither documentary evidence that women returning to China with American-born children were subject to penalties for violating China's one-child policy nor credible testimony that would support her fear. *Cf. Melendez v. U.S. Dep't of Justice*, 926 F.2d 211, 215 (2d Cir.1991). Accordingly, the BIA did not abuse its discretion in denying Lin's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the

Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).